IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>vs.<br><br>ABDERRAHMANE KHELLIL<br>Defendant | Case No: 08 CR 411 |

**DEFENDANT'S MOTION TO RESTRAIN, ENJOIN, OR SUSPEND ADMINISTRATIVE PROCEEDINGS SEEKING TO RESCIND DEFENDANT'S ASYLUM STATUS**

NOW COMES Defendant ABDERRAHMANE KHELLIL, by his attorney, Mary L. Sfasciotti, and moves this court for an order restraining the Department of Homeland Security and the Chicago Asylum Office of the United States Citizenship and Immigration Services(hereinafter "USCIS") from conducting an interview of Defendant on July 14, 2008, in connection with proceedings to terminate Defendant's asylum status. In support of this motion, Defendant states as follows:

(1). Defendant, a native and citizen of Algeria, was granted asylum by USCIS on January 6, 2000. Pursuant to that status, he filed an application for adjustment of status, Form I-485, with USCIS on June 4, 2003. In both applications, he asserted that he had entered the United States as a stowaway, without inspection on December 2, 1998 at Baltimore, Maryland.

(2). This case commenced by the issuance of a warrant of arrest, supported by an affidavit of probable cause made by Special Agent Richard Lyons, of the Department of Homeland Security, Immigration and Customs Enforcement, stating that Defendant had falsely stated that he entered the United States as a stowaway on December 28, 1998, at

Baltimore, Maryland, when in fact, he had entered the United States under the name of Marco Lubrano on December 30, 1993 at O'Hare Airport. Special Agent Lyons averred that there was probable cause to believe that Defendant made false statements to a branch of government of the United States in connection with his application for adjustment of status to that of a lawful resident alien.

(3). The indictment in this case charges that Defendant, on or about June 4, 2003, knowingly and wilfully made false, fictitious and fraudulent statements in a matter within the jurisdiction of the Department of Homeland Security in that he falsely represented on his application for adjustment of status that the date of his last arrival was December 2, 1998,.

(4). On June 11, 2008, the Asylum Office of USCIS notified Defendant of its intent to terminate the asylum status that was granted on June 6, 2000. (Exhibit A attached hereto). The notice stated that "CIS has obtained evidence that indicates fraud in your application for asylum." It was further alleged that he fraudulently represented that he entered the United States on December 28, 1998 without inspection, when in fact he entered the United States using an Italian passport on December 30, 1993.

(5). That the proceedings to terminate Defendant's asylum status requires Defendant to appear on July 14, 2005, for an interview and to present documents as e numerated in the notice.

(6). Defendant has entered a plea of not guilty in these proceedings.

(7). That the proceedings underway to divest Defendant of his asylum status will require Defendant to make statements and present evidence to the USCIS regarding his asylum status and whether he falsely represented the date of his last entry into the United States. That the termination of asylum status will be based on evidence that is admissible

U.S. v. Peters, 944 F. Supp. 646, 654 (N.D. Ill. 1996), affirmed, 153 F.3d 445 (7th Cir. 1998).

(8). The proceedings undertaken by USCIS after the filing of the indictment in this case is an attempt to obtain information from the Defendant in violation of his Fifth Amendment against self-incrimination. The termination of Defendant's asylum status for fraud parallels the instant criminal proceedings concerning the filing of an application for lawful immigrant status by an alien who has been granted asylum status. The proceedings contemplated by USCIS to terminate Defendant's asylum status are not bona fide proceedings, but a proceeding calculated to obtain incriminating statements and documents from the Defendant. Benevolence International Fund v. Ashcroft, 200 F. Supp. 2d 935; 938 (N.D. Ill. 2002), citing Campbell v. Eastland, 307 F.2d 478 (5th Cir. 1962), where the Fifth Circuit stayed civil proceedings pending the completion of parallel criminal proceedings.

(9). The Supreme Court has held that the government may conduct parallel civil and criminal investigations without violating the due process clause, so long as it does not act in bad faith. U.S. v. Kordel, 397 U.S. 1, 11, 90 S. Ct. 763 (1970). However, in this case, the government presumably completed its investigation because an indictment was returned alleging that Defendant committed fraud. Likewise, USCIS in the notice to terminate Defendant's asylum status that he committed fraud in procuring his asylum status by falsely representing the date and manner of his initial entry into the United States. These are the same allegations of fact that are asserted here in connection with his application to adjust his status as an alien granted asylum. The privilege against self-incrimination protects an individual from being forced to provide information that might

3

establish a direct link in a chain of evidence leading to his conviction. Hoffman v. U.S., 341 U.S. 479, 486, 71 S. Ct. 814(1951). There is no warning on the notice of intent to terminate asylum status that the information obtained by USCIS is not relevant to nor will be used in, the pending criminal proceeding. U.S. v. Stringer, 521 F.3d 111189 (9th Cir. 2008). This case is similar to U.S. v. Carriles, 486 F. Supp. 2d 599, 619-21 (W.D. Tex. 2007),where the indictment was dismissed on grounds of bad faith, because the USCIS interviewed the defendant solely to collect evidence in support of a criminal case against him. The defendant, a Cuban national, filed an application for naturalization. Although USCIS had concluded that the defendant was not eligible for citizenship, the agency nonetheless invited him to a pre-citizenship interview in order to collect evidence for a criminal false statements case.

For the reasons set forth herein, Defendant respectfully requests this court to grant a stay of the proceedings to terminate his asylum status until the completion of the criminal case or in the alternative to dismiss the indictment on grounds of bad faith.

Respectfully submitted,

MARY L. SFASCIOTTI
Attorney for Defendant

LAW OFFICES OF MARY L. SFASCIOTTI, P.C.
Suite 1215, 79 West Monroe
Chicago, IL 60603
Phone: 312 726-3278
Fax: 312 726-1325

U.S. Department of Homeland Security
Chicago Asylum Office
401 S. LaSalle St. Suite 1600
Chicago, Illinois 60605

 

**U.S. Citizenship and Immigration Services**

Date: JUN 11 2008

A #77 829 643

Abderrahmane KHELLIL
52 15 W. Byron Avenue, Apt 2nd FL
Chicago, IL 60641

## Notice of Intent to Terminate Asylum Status

Dear Mr. Khellil:

The purpose of this letter is to notify you of the intent of U.S. Citizenship and Immigration Services (CIS) to terminate the asylum status you were granted on **January 6, 2000**. This office has received the following information indicating that your asylum status could be terminated pursuant to 8 CFR 208.24(a)(1):

- CIS has obtained evidence that indicates fraud in your application for asylum such that you were not eligible for asylum at the time it was granted: In your asylum application and sworn testimony during your asylum interview, you attested to having arrived to the United States as a stowaway on a cargo ship and entered without inspection at Baltimore, Maryland on December 28, 1998. Your claim for asylum revolved around events that you testified happened to you in your home country of Algeria starting in July of 1998. The service has obtained evidence which indicates that contrary to your asylum claim, you previously entered the United States using an Italian passport, at Chicago O'Hare International airport on December 30, 1993. You used the same fraudulent identity to obtain identity documents in the United States, all of which predate your claimed 1998 entry without inspection and your claimed harm in your home country.

In order to give you the opportunity to respond to this adverse information, we have scheduled a termination interview at least thirty (30) days after the date of this notice to give you sufficient time to prepare for the interview.

**Interview Date:**       Monday July 14, 2008

**Time:**       8:00 AM

**Place:**       401 S. LaSalle, 8th Floor, Chicago, IL 60605

In addition to this notice, you must bring the following to your interview: a written form of identification, if available, that shows your name, date and place of birth, and nationality; the original and two copies of evidence of your relationship to family members on your I-589 (marriage or birth certificates, or affidavits) if not already submitted with your application; and other evidence not submitted before. If you cannot speak English fluently, you must bring a competent interpreter who must be at least 18 years of age. Neither the representative of record, a witness testifying on your behalf, nor a representative or employee of your country of nationality, or if stateless, country of last habitual residence, may serve as your interpreter.

Exhibit "A"

You will have the opportunity at the interview to present information and evidence to show that you are still eligible for asylum. Your asylum status will not be terminated unless a preponderance of the evidence supports termination. You may be represented at the termination interview. Attached to this letter is a list of legal providers that may provide you with legal assistance at no or low cost. Your dependents, who were included in your asylum application or who entered the U.S. pursuant to a Form I-730, Refugee/Asylee Relative Petition, must also accompany you to the interview.

If CIS determines that you are no longer eligible for asylum, your asylum status and employment authorization will be terminated, and you will be placed in removal proceedings. You may renew your request for asylum before an Immigration Judge.

If you are unable to attend the interview on the date scheduled, you must contact this office in writing before the interview to request that the interview be re-scheduled. Failure without good cause to appear for this interview may result in the termination of your asylum status and any employment authorization, and referral of your case to an immigration judge.

If you wish to waive the thirty (30) day preparation period and request an earlier interview, or admit the adverse information contained in this notice and waive the opportunity to present a rebuttal provide, indicate your request on the attached form and return it to the address at the top of this letter before the date of the scheduled interview. The asylum office will accommodate your request for an earlier interview if resources permit. If you wish to waive the opportunity to provide a rebuttal, the asylum office will terminate your asylum status and refer your case to an immigration judge.

Sincerely,

*[signature]*

for Kenneth S. Madsen
Director, Chicago Asylum Office

Attach: Legal Provider List
Optional Waiver of Rebuttal Period and/or Waiver of Opportunity to Rebut Notice of Intent to Terminate Asylum Status

## Optional Waiver of Rebuttal Period and/or Waiver of Opportunity to Rebut Notice of Intent to Terminate Asylum Status

| Name: Abderrahmane KHELLIL | Alien number: A77 829 643 |
|---|---|
| Address: 52 15 W. Byron Ave., Apt 2nd Fl, Chicago, IL 60641 | Telephone: |

**Instructions:** Complete this form **only** if you wish to waive the 30-day rebuttal preparation period and/or your opportunity to present a rebuttal. Return the form to the CIS address on the Notice of Intent to Terminate Asylum Status, attention: ZCH071 (SAO).

**If you wish to waive the 30-day preparation period and request an earlier appointment,** complete Part I.

**If you wish to waive the 30-day preparation period AND you wish to waive the interview and opportunity to present a rebuttal to the evidence of grounds for termination of your asylum status,** complete Parts I and II.

|  | Write your initials below to agree with the statement at left. |
|---|---|
| • I understand that CIS intends to terminate my asylum status. | |
| • I acknowledge that I was informed of the grounds for termination. | |
| • I understand that termination of my asylum status will result in the termination of asylum status of any family member who obtained derivative asylum status through me. | |
| • I understand that I have 30 days to prepare a rebuttal to the adverse information constituting the grounds for termination and have been offered an opportunity to present the rebuttal. | |
| • I wish to waive the 30-day rebuttal period and request an earlier appointment. | |

|  | Write your initials below to agree with the statement at left. |
|---|---|
| • I admit the adverse information contained in the Notice of Intent to Terminate. | |
| • I wish to waive the opportunity to present a rebuttal to the grounds for termination so that CIS will proceed with termination of my asylum status immediately. | |

_____          _____          _____
(Signature)                                         (Printed Name)                                   (Date)